UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>ANTHONY TYNER,<br>　　　　　　　　　　Defendant. | Case No. 2:17-cr-00255-APG-CWH<br><br>**Order Denying Motion for Compassionate Release**<br><br>[ECF No. 41] |

　　　Defendant Anthony Tyner pleaded guilty to bank robbery. On December 28, 2017, I sentenced him to 120 months in custody. ECF No. 39. He has four years left on his sentence, and his release date is in August 2025. ECF No. 41 at 1. He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A) because he suffers from asthma and could be especially harmed by the Covid-19 virus. He also contends that the Bureau of Prisons (BoP) has failed to provide him with mental health services and he has been improperly classified as a gang member. *Id*. The United States opposes the request.

　　　I can reduce a defendant's prison term "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). The Government does not contest that Tyner has exhausted this prerequisite.

　　　The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons." I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

No doubt, the COVID-19 virus presents a risk to all incarcerated people. It also presents a risk to citizens who are not incarcerated. Tyner's asthma places him at a higher risk of more severe reactions. Nearly a year ago, Tyner was diagnosed with COVID-19. ECF No. 41 at 3. Fortunately his reactions were not significant and he was not hospitalized. *Id.* Since then, Tyner has been vaccinated. *Id.* at 4. The BoP is taking steps to treat and prevent the spread of the virus at Beaumont Medium FCI, were Tyner is housed. The number of infections at that facility remains low. *See* https://www.bop.gov/coronavirus/ (last accessed 8/16/2021).

If Tyner is released, he would still risk infection based on his medical condition because Nevada has been hit hard by the virus, as have many Western states. Releasing him requires him to be transported, which would expose him and the U.S. Marshal or BoP personnel to greater risk of exposure. Release also necessitates greater interaction with Probation officers, to set up and continue monitoring him. Release also exposes Tyner to infection from his family members or others he (and his family) comes into contact with through daily activities. I do not find Tyner's situation "extraordinary and compelling" justifying compassionate release.

But even if Tyner's condition can be deemed extraordinary and compelling, I would still deny the motion because he is a danger to the community. 18 U.S.C. § 3553(a)(2)(C). Tyner has a history of committing violent crimes, including several armed back robberies. He has a history of violating conditions of release. He committed this crime only three months after getting off supervised release from his last conviction. He has been deemed a career offender. He was detained at his initial appearance as a danger to the community. Nevertheless, I gave Tyner a significant downward variance when sentencing him. The factors under 18 U.S.C. § 3553(a) do not support compassionate release.

Tyner does not present "extraordinary and compelling" reasons to justify releasing him four years early. And the community needs to be protected from him. I therefore deny Tyner's motion (ECF No. 41).

DATED THIS 16th day of August, 2021.

                                                                    _____
                                                                    Andrew P. Gordon
                                                                    UNITED STATES DISTRICT JUDGE